**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Ernesto GRANADOS, Defendant—Appellant.**

**No. 04–10254.**
**D.C. No. CR–03–05016–OWW.**

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2005.*

Decided May 23, 2005.

Kevin P. Rooney, AUSA, USF—Office of the U.S. Attorney, Fresno, CA, for Plaintiff—Appellee.

Victor M. Chavez, Esq., FPDCA—Federal Public Defender's Office, Fresno, CA, for Defendant—Appellant.

Before KLEINFELD, HAWKINS, and GRABER, Circuit Judges.

MEMORANDUM **

Defendant Ernesto Granados appeals his conviction, after a jury trial, of various methamphetamine-related charges.

1. Defendant argues that the district court abused its discretion when it refused to allow co-defendant Alvarez to testify to

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the exact number of years he would spend in prison for his involvement in the crimes and the exact number of years by which the court could increase his sentence if he lied under oath. Specifically, Defendant asserts that the court did not in fact compare the probative value of the proposed evidence against the risk of unfair prejudice, confusion of the issues, and other appropriate factors.

Assuming, without deciding, that the district court did not engage in the balancing required under Rule 403 of the Federal Rules of Evidence, an evidentiary error results in reversal only if the error more likely than not affected the verdict. *United States v. Pang*, 362 F.3d 1187, 1192 (9th Cir.), *cert. denied,* —— U.S. ——, 125 S.Ct. 372, 160 L.Ed.2d 256 (2004). Here, that effect is absent. The evidence of Defendant's guilt was extensive, and the district court did allow Alvarez to testify to the substance of the desired testimony.

2. Defendant also argues that the trial court's evidentiary ruling deprived him of due process by disallowing a defense. But the district court limited Alvarez' testimony only slightly. Alvarez did testify to the fact that he faced a substantial prison term and that he could receive an additional sentence for perjury. Omitting the precise number of years Alvarez could spend in prison did not materially detract from the defense.

AFFIRMED.